**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto S. BLANCO, Frank La Rocca, Defendants–Appellants.**

**No. 89–3491.**

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1991.

Mark A. Pizzo, Asst. Federal Public Defender, Tampa, Fla., for defendant-appellant Roberto Blanco.

Jack T. Edmund, Fort Meade, Fla., for defendant-appellant Frank La Rocca.

Kevin R. March and Kathleen Bach, Sp. Attys., U.S. Strike Force, Tampa, Fla., for plaintiff-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

Appellants Roberto Blanco and Frank La Rocca were charged in a seven count indictment with a variety of offenses arising from the financing of a condominium complex known as the L.D. Apartments. Following a jury trial, appellants were convicted of conspiracy to defraud the United States, 18 U.S.C. § 1341, and four counts of aiding and abetting the misapplication of bank funds, 18 U.S.C. §§ 656, 2, and acquitted on the remaining charges. On appeal, both appellants claim the trial court incorrectly defined "misapplication of bank funds" in its jury instructions and further argue that the evidence was insufficient to sustain their convictions. We affirm for the reasons set forth below.

### Sufficiency of the Evidence

In reviewing challenges to the sufficiency of the evidence, we view the evidence in the light most favorable to the government, affirming the conviction if a rational trier of fact could find guilt beyond a reasonable doubt on the evidence presented. *Glasser v. United States,* 315 U.S. 60, 79, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The evidence need not exclude every reasonable hypothesis of innocence or be inconsistent with every conclusion except guilt. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc) *aff'd,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). In order to convict a defendant for misapplication of bank funds under 18 U.S.C. § 656, a jury must find that the accused knowingly participated in a deceptive or fraudulent transaction. *United States v. Stefan,* 784 F.2d 1093, 1096–97 (11th Cir.), *cert. denied,* 479 U.S. 1009, 107 S.Ct. 650, 93 L.Ed.2d 706 (1986); *United States v. Adamson,* 700 F.2d 953, 958 (11th Cir.) (en banc), *cert. denied,* 464 U.S. 833, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983).

The record reflects that appellants, co-defendant Arnold Segal, and unindicted co-conspirator Henry Furr, an officer in the First National Bank of Florida, formed the Lori–B corporation to purchase the L.D. Apartments in Tampa, Florida. Furr, Segal, Blanco and La Rocca each owned a 25 per cent interest in the corporation. They decided to restructure the financing of the condominium by obtaining separate mortgages on each of the complex's sixteen units. To accomplish this, real estate sales contracts for each unit were executed between Lori–B as seller and various buyers whose names were provided by Blanco, La Rocca and Furr. Although the contracts provided for substantial down payments, it is undisputed that no down payments were ever made; the financing obtained was, in essence, equivalent to one hundred per cent of the value of the property.

Each of the sixteen units was then mortgaged. First National Bank of Florida made five of these loans. These five loans were approved by Henry Furr and were made to Blanco, La Rocca, Elio Mueller and Lori–B Corporation. Furr did not disclose to the bank his interest in the corporation or the interests of Blanco and La Rocca, who appeared on paper to be disinterested buyers. Nor did Furr object to the sales contracts which showed that down pay-

ments had been made, even though he was aware that no down payments were ever made. The evidence reflects that appellants were aware of and participated fully with Furr in the planning and execution of this financing scheme. In short, Furr, assisted by Blanco and La Rocca, converted funds from First National Bank of Florida, for the use and benefit of the owners of Lori–B, while misrepresenting the transactions as standard mortgage loans to disinterested third parties.

Blanco and La Rocca were convicted of conspiring with Furr and aiding and abetting the misapplication of bank funds in connection with the mortgages obtained through First National Bank. We believe the evidence of appellants' knowing participation with Furr in a deceptive transaction which was to their mutual benefit was sufficient to sustain appellants' convictions. *See Stefan*, 784 F.2d at 96–97.

Appellants have argued that their convictions cannot stand because there is no evidence that the borrowers were not capable of repaying their loans or that the borrowers did not intend to repay their loans. The fact that the named borrowers on these loans may have had the financial ability and intent to repay the loans does not alter our conclusion regarding the sufficiency of the evidence. It is the failure to disclose the interest of the bank officer in the loans which justifies the finding that funds have been misapplied. *See, e.g., United States v. Olson*, 825 F.2d 121, 123 (7th Cir.1987) (where loan is made for benefit of a bank officer, named debtor's ability to repay the loan is immaterial); *United States v. Wolf*, 820 F.2d 1499, 1503 (9th Cir.1987) (same), *cert. denied*, 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988).

### Jury Instruction on Misapplication of Funds

Appellants also contend that even if the evidence was sufficient to sustain their convictions, they are entitled to a new trial because the trial court's jury instruction on

misapplication of funds was partially incorrect. Appellants object to that portion of the court's charge which provided:

> Thus, a bank officer misapplies funds when he knowingly converts funds to his own use or that of a third party, lends money to a fictitious borrower, causes a loan to be made to his own benefit while concealing his interest from the bank, or violates state law or bank policy.

Appellants contend that this instruction permitted the jury to find willful misapplication if it found that loans had been made to a straw borrower, contrary to *United States v. Gens*, 493 F.2d 216 (1st Cir.1974). This instruction was requested by the government which cited *United States v. Bruun*, 809 F.2d 397, 408 (7th Cir.1987). Appellants' sole objection to this instruction was "[t]his goes beyond the standard Jury instructions.... It is not one of the standard Jury instructions and I believe counsel is trying to modify Jury instructions."

It is well-settled that objections must be made with sufficient specificity to advise the trial court of the true basis for the objection. *United States v. Williford*, 764 F.2d 1493, 1502 (11th Cir.1985). We believe the objection in this case was wholly insufficient. It did not convey the reason appellants now contend the instruction was improper. The trial court could not, on the basis of this objection, rule in an informed manner.[1]

Therefore, in the absence of a sufficient objection we apply the plain error standard in reviewing this claim. *See, e.g., United States v. Hope*, 901 F.2d 1013, 1020 (11th Cir.1990) (applying plain error standard to omission in jury instructions to which no objection was made). Plain error is found if the error at trial was so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings. *United States v. Edwards*, 696 F.2d 1277, 1282 (11th Cir.), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983). We have examined the

---

1. We note that the trial court allowed ample opportunity for the submission of and objection to requested jury instructions in this case and therefore find no reason to disregard the lack of a sufficient objection when considering this issue.

jury charge as a whole and find that it adequately defined the elements of the offenses with which the appellants were charged and, therefore, the language complained of does not rise to the level of plain error.

## Conclusion

Appellants' convictions and sentences are AFFIRMED.