[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13748
Non-Argument Calendar

_____

D. C. Docket No. 04-00240-CR-J-20-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECIL COLEMAN, JR.,
a.k.a. Slim,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 27, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Cecil Coleman, Jr. appeals his 87-month sentence for conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. On appeal, he argues that the district court violated his right to due process by relying on the drug amounts in the presentence investigation report ("PSI") and failing to require the government to present evidence of the drug amount by a preponderance of the evidence.[1] For the reasons set forth more fully below, we affirm.

Coleman pled guilty to the above-mentioned charge pursuant to a plea agreement. The plea agreement incorporated a factual basis in which Coleman admitted to involvement in four drug transactions, which occurred on June 3, 10, and 25, 2004, and involved a combined quantity of 120 grams of cocaine base. The agreement also contained a stipulation that, for the purposes of determining Coleman's relevant conduct, the quantity of the cocaine base attributable to Coleman was at least 50 grams but less than 150 grams, resulting in a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4). The stipulation contained a provision, however, stating that Coleman understood that this agreement was not binding on the Court.

However, the PSI stated that Coleman was involved in the following seven

---

[1] We previously denied the government's motion to dismiss this appeal based on the appeal waiver contained in Coleman's plea agreement.

transactions: On May 27, 2004, Coleman sold 13.3 grams of cocaine base. On May 28, 2004, Coleman sold 21.0 grams of cocaine base. On June 3, 2004, Coleman indicated that he had an ounce (28.35 grams) of cocaine base, but sold 12.9 grams of cocaine base. On June 10, 2004, Coleman sold 52.8 grams of cocaine base. On June 22, 2004, Coleman sold 14.5 grams of cocaine base. On June 25, 2004, Coleman sold 27.3 grams of cocaine base, and, later that day, sold 27.0 grams of cocaine base, which he provided in two approximately 14-gram quantities. Based on these transactions, the probation officer recommended that Coleman be held accountable for more than 150 grams of cocaine base and receive a base offense level of 34.

Coleman objected to the drug quantities not contained in the factual basis for his plea agreement, arguing that he "pled to this case and his amounts of distribution are contained in the plea agreement with dates of distribution. Defendant would object to any enhancement or amount that does not appear in the plea agreement." He also argued that the total drug amount should read "120 grams as per plea agreement." The probation officer responded that the statements were factually correct, and that the information was obtained from investigative reports by the Drug Enforcement Administration and the Bradford County Drug Task Force, and from follow-up information that he received from the case agent.

3

Coleman renewed his objection at the sentencing hearing, arguing, "Basically, the discovery and in the plea agreement, my client in going over this case took responsibility for what was in the Factual Basis and in the plea agreement. We would dispute any additional drug quantity that does not appear in the plea agreement . . . ." After noting that it was not bound by the parties' stipulation as to the drug quantity, the district court stated, "So I guess the government will have to put on some evidence to assist me in determining how much it is." The government responded that it was not prepared to put on any evidence of the drug quantity, as it had stipulated to the amount in the plea agreement. The district court, the government, and the probation officer then discussed the probation officer's recommendation, and, after adding the amounts in the PSI, the district court overruled Coleman's objection and held him accountable for 171.25 grams of cocaine base.

Where the defendant fails to object before the district court, our review is for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. If these three conditions are met, we may notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and

quotation marks omitted). In order for an error to be plain, it must be obvious or clear under current law. United States v. Baker, 432 F.3d 1189, 1207 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006).

Although Coleman objected to the drug quantity in the PSI on the grounds that it differed from the quantity to which he admitted in his plea agreement, this objection did not incorporate a due process objection to the district court's fact-finding procedure. See United States v. Blanco, 920 F.2d 844, 846 (11th Cir. 1991) ("It is well-settled that objections must be made with sufficient specificity to advise the trial court of the true basis for the objection. . . . [I]n the absence of a sufficient objection we apply the plain error standard . . . . "); see also United States v. Cosgrove, 73 F.3d 297, 303 (11th Cir. 1996) (reviewing due process claim for plain error where the district court could not "reasonably be charged with understanding [the defendant's] statements to allege a due process violation."). After the district court calculated the drug quantity, Coleman was given an opportunity to object, but failed to raise a due process objection. Accordingly, we review for plain error. Blanco, 920 F.2d at 846.

Due process at sentencing requires that facts be found by the district court under a preponderance-of-the-evidence standard. United States v. Harden, 37 F.3d 595, 602 (11th Cir. 1994). "Due process in sentencing demands, of course, that the

5

relevant conduct considered by a court in any given case be supported by an 'evidentiary basis beyond mere allegation in an indictment,' and that the defendant be given an opportunity to rebut factors that might enhance a sentence." United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990) (internal citations omitted). Due process requires that any information presented at sentencing bear minimal indicia of reliability and that the defendant be given the opportunity to refute it. United States v. Giltner, 889 F.2d 1004, 1007 (11th Cir. 1989).

In this case, the drug quantity was supported by the PSI, an evidentiary basis beyond the indictment, and Coleman had an opportunity to refute it. Coleman does not argue that the information in the PSI is unreliable. Thus, the issue in this case is whether the district court's reliance on the facts in the PSI – despite Coleman's objection and without hearing further evidence – failed to satisfy the preponderance-of-the-evidence standard.

It is not clear from Coleman's objection whether his complaint was that the PSI went beyond the amount of cocaine base that he agreed would be considered for determining his relevant conduct, or whether he was challenging the accuracy of the facts in the PSI. In either case, Coleman cannot demonstrate plain error.

First, the district court may base its findings of fact on undisputed statements in the PSI. United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989). If

6

Coleman's objection was that the facts in the PSI went beyond those in his plea agreement, the district court did not err by relying on the facts in the PSI, as the district court was not bound by the parties' stipulation. See United States v. Forbes, 888 F.2d 752, 754 (11th Cir. 1989) (noting that the district court is not bound by stipulations of fact, but may, with the aid of the PSI, determine the facts relevant to sentencing).

Second, even if Coleman's objection was to the veracity of the facts themselves, there was no plain error because it is not clear or obvious that the district court could not rely on the PSI in the circumstances present in this case. Although we forbid reliance on the PSI where the defendant provides evidence in rebuttal, Coleman provided no such evidence. United States v. Bernardine, 73 F.3d 1078, 1082 (11th Cir. 1996) ("Where a defendant objects to an allegation in a PSI and offers evidence at a sentencing hearing to rebut the basis for the allegation, courts may not simply accept a conclusion in the PSI without any evidentiary support."). In the absence of rebuttal evidence, we have upheld factual findings by the district court based on facts contained in the PSI. See United States v. Newsome, 998 F.2d 1571, 1578 (11th Cir. 1993).

Moreover, we do not forbid the district court from basing its findings on disputed facts in the PSI. United States v. Delgado, 56 F.3d 1357, 1371 (11th Cir.

7

1995). "A sentencing court may rely on disputed facts in a sentencing report when they are shown by some reliable proof allowing the court to conclude it is not unlikely the statements are true." Id. Here, the probation officer explained that the source of the factual information was law enforcement investigative reports and information received from the case agent.

Although a PSI containing conclusions that are unsupported by specific facts or sources is insufficient to support a district court's factual findings, United States v. Lawrence, 47 F.3d 1559, 1567-68 (11th Cir. 1995), in this case there was an evidentiary foundation for the PSI's findings. The probation officer provided information as to the sources of the information in the PSI, and Coleman has never challenged their reliability. Furthermore, the PSI contained specific facts detailing each drug transaction and the amount of cocaine base involved in each drug transaction.

In light of the foregoing, we conclude that, if relying on the PSI in this case was an error, it was not plain. Therefore, the district court did not plainly err by failing to require additional evidence of the drug amount in violation of Coleman's due process rights. Accordingly, the district court is

**AFFIRMED.**