**Lorna Karen Marcella MOORE,
Petitioner,**

v.

**John ASHCROFT, Attorney General of
the United States, Office of Immigra-
tion and Naturalization Service, Re-
spondents.**

No. 00–10068.

United States Court of Appeals,
Eleventh Circuit.

May 14, 2001.

* Honorable Thomas J. Meskill, U.S. Circuit Judge for the Second Circuit, sitting by desig-   nation.

Ronald Haber, Haber & Roth, Miami, FL, for Petitioner.

Anh-Thu P. Mai, Norah Ascoli Schwarz, Donald A. Couvillon, David V. Bernal, Anthony Cardozo Payne, Office of Imm. Lit./ U.S. Dept. of Justice, John Ashcroft, U.S. Atty. Gen., Washington, DC, Daniel Vara, Chief Legal Office, INS, Miami Dist., Miami, FL, for Respondents.

Before EDMONDSON, FAY and NEWMAN*, Circuit Judges.

FAY, Circuit Judge:

## I. Introduction

Lorna Karen Marcella Moore ("Petitioner") seeks review of a decision by the Board of Immigration Appeals ("BIA") that she is an aggravated felon subject to removal from the United States. Petitioner raises two issues. First, she argues that her conviction for misapplication of auction drafts by a bank employee in violation of 18 U.S.C. § 656 is not an aggravated felony as defined in § 101(a)(43)(M)(i) of the Immigration and Nationality Act ("INA") because it is not a crime inherently involving fraud or deceit. *See* 8 U.S.C. § 1101(a)(43)(M)(i). Second, she argues that INA § 212(h) violates the equal protection guarantee of the Due Process Clause of the Fifth Amendment by allowing discretionary relief from removal for illegal immigrants convicted of aggravated felonies while denying the same relief to lawful permanent resident aliens convicted of the same offenses. *See* 8 U.S.C. § 1182(h).

We review the BIA's statutory interpretation of the INA *de novo*, but will defer to the BIA's interpretation if it is reasonable. *Lettman v. Reno*, 207 F.3d 1368, 1370 (11th Cir.2000); *Le v. U.S. Attorney General*, 196 F.3d 1352, 1353–54 (11th Cir.1999). Because of Congress' plenary power over aliens, we review federal classifications such as the one at issue in § 212(h) under a rational basis standard of review. *Yeung v. INS*, 76 F.3d 337, 339 (11th Cir.1995). After reviewing the briefs and the record on appeal, we conclude that Petitioner's Petition for Review should be dismissed.

## II. Factual and Procedural History

Petitioner, a native of Northern Ireland and citizen of the United Kingdom, was admitted to the United States in 1979 as a lawful permanent resident alien. On March 13, 1996, Petitioner was convicted of misapplication of auction drafts by a bank employee under 18 U.S.C. § 656.[1] She was sentenced to five years of probation and ordered to pay $210,000 in restitution to Barnett Bank. Subsequently, the Immigration and Naturalization Service ("INS") served Petitioner with a notice to appear charging that she was subject to removal as an aggravated felon pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).[2] The Immigration Judge found that Petitioner was removable as an aggravated felon and denied her application for withholding of removal. On December 13, 1999, the BIA affirmed the Immigration Judge's decision.

---

* Honorable Jon O. Newman, U.S. Circuit Judge for the Second Circuit, sitting by designation.

1. According to the Information, Petitioner obtained from Barnett Bank auction drafts containing certificates of title to vehicles from automobile auctions and unlawfully provided those certificates of title to a co-defendant without requiring payment for the vehicles.

2. Title 8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

Petitioner subsequently filed a petition for review in this Court, and on March 9, 2000, she filed a Motion for Stay of Deportation. The Government opposed the Motion to Stay and filed a Motion to Dismiss Petition for Review. On March 20, 2000, we denied Petitioner's Motion for Stay of Deportation and ruled that the Government's Motion to Dismiss be carried with this case. Petitioner was removed to the United Kingdom on April 5, 2000.

## III. Discussion

### A. Mootness

As an initial matter, we conclude that Petitioner's removal from the United States does not render her case moot.[3] Because Petitioner's removal proceedings commenced after the April 1, 1997 effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IRRIRA"), this case is governed by IIRIRA's permanent rules, INA § 242, codified at 8 U.S.C. § 1252 (Supp. II 1996).[4] Galindo–Del Valle v. Attorney General, 213 F.3d 594, 596 (11th Cir.2000), petition for cert. filed, 69 U.S.L.W. 3175 (U.S. Aug. 23, 2000)(No. 00–362). Under the former provisions of the INA, as well as the transitional rules, judicial review was statutorily barred for aliens who had been deported from the United States or who voluntarily departed pending review of the removal order. Tapia Garcia v. INS, 237 F.3d 1216, 1217 (10th Cir.2001); INA § 106(c), 8 U.S.C. § 1105a(c), as modified by IIRIRA § 309(c), Pub.L. No. 104–208, 110 Stat. 3009. Noticeably absent from the permanent rules, however, is any similar language removing federal review jurisdiction in the event an alien departs or is removed. See INA § 242, 8 U.S.C. § 1252. Based on the clear change in the statutory language, one other circuit has held that an alien's deportation or departure from this country no longer forecloses judicial review of removal orders. Tapia Garcia, 237 F.3d at 1217–18.

We further conclude that there continues to exist a live case or controversy under Article III, section 2 of the United States Constitution. Under Article III, Petitioner must continue to have a personal stake in the outcome of the lawsuit. Lewis v. Continental Bank Corp., 494 U.S. 472, 478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). Specifically, she must have suffered or be threatened with actual injury traceable to the INS that would be redressed by a favorable judicial decision. Id. at 477, 110 S.Ct. at 1253. Under the INA's admissibility provisions, Petitioner's removal and status as an aggravated felon prevents her from being admitted to the United States for twenty years absent consent to apply for readmission from the Attorney General. See 8 U.S.C. § 1182(a)(9)(A)(ii)-(iii). We believe that this constitutes an injury traceable to the INS, and that such injury would be redressed by a favorable ruling from this Court to the effect that Petitioner was not an aggravated felon or that she was denied equal protection under the law.

### B. Jurisdiction

Under INA § 242(a)(2)(C), our jurisdiction to review final orders of removal

---

3. In supplemental briefs filed at the request of the Court, both Petitioner and the United States Department of Justice contend that Petitioner's case is not moot by virtue of her removal from the country.

4. The Illegal Immigration Reform and Immigrant Responsibility Act amended the INA's provisions for deportation (renamed "removal") and judicial review of orders of deportation. Section 306 of IIRIRA repealed the INA's former provision for judicial review, 8 U.S.C. § 1105a. In conjunction with repealing 8 U.S.C. § 1105a, IIRIRA § 306 amended INA § 242, now codified at 8 U.S.C. § 1252 and commonly known as the IIRIRA permanent rules.

is very limited. *See* 8 U.S.C. § 1252(a)(2)(C) (Supp. II 1996).[5] Section 242(a)(2)(C) provides in pertinent part:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [certain enumerated criminal offenses].

We have held that under the plain language of INA § 242(a)(2)(C), a court is permitted to review only the threshold issues of whether Petitioner is (1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense. *Galindo–Del Valle*, 213 F.3d at 598; *Lettman*, 207 F.3d at 1370. If these three conditions are satisfied, our jurisdiction over the petition for review of the final order of removal disappears. *Id.*

Petitioner does not dispute that she is an alien or that she was convicted under 18 U.S.C. § 656 for misapplication of bank funds. Accordingly, the only question before us is whether Petitioner's conviction constitutes an aggravated felony.[6] A conviction is an aggravated felony for immigration purposes if the offense involves "fraud or deceit in which the loss to the victim or victims exceeds $10,000." INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i). Petitioner does not dispute that the loss to the victim in her case exceeded $10,000.[7] Rather, she argues that her conviction for misapplication of bank funds should not be considered an aggravated felony because it does not in-

herently involve fraud or deceit. We disagree.

We have previously held that to establish the offense of misapplication of bank funds under 18 U.S.C. § 656, the government must prove as an element of the offense that the accused "acted with intent to injure or defraud the bank." *United States v. Morales*, 978 F.2d 650,-652–53 (11th Cir.1992)(*citing United States v. Farrell*, 609 F.2d 816, 818 (5th Cir. 1980)). The "intent to injure or defraud" element of the offense is established by proof that the defendant knowingly participated in a deceptive or fraudulent transaction. *Morales*, 978 F.2d at 652–53; *United States v. Blanco*, 920 F.2d 844, 845 (11th Cir.1991)(stating that in order to convict a defendant under 18 U.S.C. § 656, jury must find that the defendant knowingly participated in a deceptive or fraudulent transaction). As such, we believe that the crime of misapplication of bank funds under 18 U.S.C. § 656 necessarily involves fraud or deceit and is appropriately considered an aggravated felony under INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i).

Because we conclude that Petitioner is an alien removable by reason of having committed an aggravated felony, INA § 242(a)(2)(C) strips us of jurisdiction to review her final order of removal. *Galindo–Del Valle*, 213 F.3d at 598. This conclusion, however, does not necessarily mandate dismissal of the petition because we still have jurisdiction under INA

---

**5.** Our jurisdiction to review denials of discretionary relief is similarly limited. Title 8 U.S.C. § 1252(a)(2)(B) provides that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section 1182(h) ...."

**6.** If Petitioner was, in fact, convicted of an aggravated felony, she is clearly removable

under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

**7.** Petitioner's own plea agreement stipulated that the amount of the loss to Barnett Bank, the victim in this case, was more than $200,000. Moreover, the judgment entered in her criminal case required that she pay restitution in the amount of $210,000.

§ 242(a)(2)(B) & (C) to evaluate substantial constitutional challenges to the INA. *Id.* (*citing Richardson v. Reno*, 180 F.3d 1311, 1316, n. 5 (11th Cir.1999))(noting that INA § 242(a)(2)(C) does not deprive the court of jurisdiction to hear constitutional challenges to the statute itself and other substantial constitutional issues).

Petitioner contends that even if she is removable as an aggravated felon, INA § 212(h), 8 U.S.C. § 1182(h) is unconstitutional as applied to her because it violates the equal protection component of the Due Process Clause of the Fifth Amendment to the United States Constitution. INA § 212(h) provides that the Attorney General has the discretion to waive certain grounds of inadmissibility and therefore grant relief from deportation:

> in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien ...

8 U.S.C. § 1182(h)(1)(B).

Petitioner contends that she should be eligible for the § 212(h) discretionary waiver because her removal from the country will impose an extreme hardship on her two daughters, both lawful permanent residents, and her mother, a U.S. citizen. Nevertheless, the language of INA § 212(h) precludes consideration of discretionary relief for lawful permanent resident aliens, like Petitioner, who have committed aggravated felonies since the date of their admission. Section 212(h) provides in relevant part that:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... since the date of such admission the alien has been convicted of an aggravated felony ...

8 U.S.C. § 1182(h).

Thus, under the plain language of the provision, a lawful permanent resident convicted of an aggravated felony cannot obtain the discretionary relief based on family hardship, while an alien who enters this country illegally and then commits an aggravated felony would at least theoretically be eligible for the relief. Petitioner contends that INA § 212(h) draws an irrational, arbitrary, and unjustifiable distinction between individuals who enter this country illegally and commit certain crimes and lawful permanent residents who may have resided in the United States for many years with strong familial ties who commit the same or similar crimes.

Whether the failure to accord lawful permanent residents eligibility for a discretionary waiver of removal through INA § 212(h), while allowing such eligibility to illegal aliens, violates equal protection guarantees is an issue of first impression in this Circuit. We begin our analysis by noting that the Supreme Court has held that Congress possesses broad power to regulate the admission and exclusion of aliens. *Yeung*, 76 F.3d at 339 (*citing INS v. Delgado*, 466 U.S. 210, 235, 104 S.Ct. 1758, 1772, 80 L.Ed.2d 247 (1984)). In fact, "[o]ver no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens." *Kleindienst v. Mandel*, 408 U.S. 753, 766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972). Because of Congress' plenary power over aliens, federal classifications such as those found in INA § 212 are subject to minimal scrutiny under the rational basis standard of review and will be

found valid if not arbitrary or unreasonable. *Yeung,* 76 F.3d at 339.

In accord with the only other circuit courts to have decided the issue, we conclude that a rational basis exists for Congress' decision to declare only those aggravated felons who have been admitted as lawful permanent residents ineligible for § 212(h) relief. *Lara–Ruiz v. INS,* 241 F.3d 934, 947 (7th Cir.2001); *Umanzor–Lazo v. INS,* 178 F.3d 1286 (4th Cir.1999)(unpublished decision upholding statute in summary fashion).[8] One of Congress' goals in enacting reforms to the INA was to expedite the removal of criminal aliens from the United States. *Lara–Ruiz,* 241 F.3d at 947. Congress' elimination of INA § 212(h) relief for lawful permanent residents who commit aggravated felonies eradicated one source of delay. Although it may seem "wiser, fairer, and more efficacious for Congress to have eliminated § 212(h) relief for non-LPR aggravated felons as well, the step taken by Congress was a rational first step toward achieving the legitimate goal of quickly removing aliens who commit certain serious crimes from the country." *Id.* (noting that the legislature may take reform one step at a time and address itself only to the phase of the problem most acute in the legislative mind).

Moreover, lawful permanent resident aliens enjoy substantial rights and privileges not shared by illegal aliens and typically have closer ties to the country through familial and employment relationships. *Id.* Because of the rights and privileges they enjoy, it is arguably proper to hold them to a higher standard and level of responsibility than illegal aliens.[9] Congress may have rationally concluded that legal permanent residents are less deserving of relief from removal when their close ties to the United States and significant benefits attendant to legal permanent resident status were insufficient to deter them from committing serious crimes. *Id.; Umanzor–Lazo,* 178 F.3d at 1286 (different treatment between lawful permanent residents and nonresidents acknowledges that a lawful resident "enjoys greater rights than a nonimmigrant alien and assumes commensurate responsibilities and duties"). Congress may have also concluded that such individuals pose a higher risk for recidivism than illegal aliens who did not have all of the benefits of legal permanent resident status to deter them from committing their crimes. *Lara–Ruiz,* 241 F.3d at 948.

Finally, while we recognize that § 212(h) relief is still theoretically available to illegal aliens, the Court sincerely doubts that such relief exists in practice. Because illegal aliens are assumably removable at any time regardless of whether they have committed aggravated felonies in this country or not, Congress simply may have seen no need to emphasize in the statute that this class of individuals could not seek waiver. *McElroy,* 981 F.Supp. at 876, n. 3 (noting

---

8. The equal protection issue has been raised, but not decided, by several other circuits. *Lake v. Reno,* 226 F.3d 141, 143 (2d Cir.2000); *Catney v. INS,* 178 F.3d 190, 194–95 (3d Cir. 1999). District courts that have addressed the issue are split. *United States ex rel. Morgan v. McElroy,* 981 F.Supp. 873, 876 n. 3 (S.D.N.Y.1997)(stating that § 212(h) poses no equal protection problem); *Song v. INS,* 82 F.Supp.2d 1121 (C.D.Cal.2000)(statute creates irrational distinction which places incentive on being an illegal immigrant).

9. As the Government points out in its brief, the opportunity that U.S. immigration law extends to lawful permanent residents to enter and remain in this country is a privilege, not an entitlement. Lawful permanent residents who abuse the privilege and commit crimes usurp immigration opportunities that might otherwise be extended to other potentially more deserving immigrants.

that there is no need for the statute to emphasize that illegal aliens may not seek the waiver because under the law they probably lack the status to do so anyway).

We simply cannot conclude that Congress' decision to prohibit lawful permanent resident aliens who commit aggravated felonies from seeking discretionary relief under INA § 212(h) is arbitrary or unreasonable even though such relief is theoretically still available to illegal aliens. Our job is not to determine the ultimate wisdom of Congress' decision to deny discretionary relief. As we recently stated,

> The Supreme Court has cautioned that "rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.... [A] classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."

*Rodriguez v. United States,* 169 F.3d 1342, 1351 (11th Cir.1999)(internal citations and quotations omitted).

## IV. Conclusion

Because we believe that a rational basis exists for Congress' decision to declare as ineligible for INA § 212(h) discretionary relief only those aggravated felons who are admitted as lawful permanent resident aliens, we conclude that Petitioner has failed to state a substantial equal protection claim.[10] *Lara–Ruiz,* 241 F.3d at 948. Accordingly, we lack jurisdiction to hear this appeal, and the petition for review is DISMISSED.

---

**10.** In light of our conclusion that Petitioner failed to present a substantial constitutional claim, we need not address the Government's argument that Petitioner's case also fails because a denial or restriction on her ability to seek purely discretionary relief can never rise to the level of a constitutional violation.