[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13471
Non-Argument Calendar
_____

BIA No. A95-916-250

SABIRALI GULAM ALI MOMIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(February 20, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Sabirali Gulam Ali Momin, a native and citizen of India, through counsel,

appeals the Board of Immigration Appeals' (BIA) order, affirming the Immigration

Judge's (IJ) denial of his motion to continue his removal proceedings based on his pending labor certification. At Momin's removal proceedings, he moved for a continuance pending the approval of a labor certification that had been filed nine months earlier with the Department of Labor. He asserted that he anticipated receiving approval of his labor certification within 90 days, and, at that time, would be able to file a petition for an immigration visa. The IJ denied his motion, finding that a pending labor certification was not an appropriate basis for granting a continuance. The BIA affirmed without opinion.

On appeal, Momin argues that we erred by incorrectly reading and interpreting 8 U.S.C. § 1255(i) in Zafar v. United States Att'y Gen., 461 F.3d 1357 (11th Cir. 2006) (finding alien statutorily ineligible for adjustment of status where he had not yet received approved labor certification because, to be eligible, an alien must have approved labor certification and have filed a petition for an immigration visa). Momin contends that, pursuant to the statutes and regulations, eligibility for adjustment of status, as well as whether an immigration visa is immediately available, do not hinge on approved labor certification, and thus, our imposed requirements are mistaken.

Momin further asserts that his constitutional rights have been violated. Specifically, he argues that Merchant v. U.S. Att'y Gen., 461 F.3d 1375 (11th Cir. 2006), created an equal protection claim because he potentially could have filed his

2

application and had removal proceedings initiated on the same date as another individual, but could receive different treatment depending on whose application was processed faster, which results in a discriminatory application of a neutral policy. In addition, he contends that he suffered a due process violation because he seeks relief that is constitutionally protected.

"[We] review[] only the decision of the BIA, except to the extent that it expressly adopts the IJ's opinion." Nreka v. United States Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005) (internal quotations and citations omitted). Where, as here, the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final agency determination subject to review. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). We review the IJ's legal determinations de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).

## I.

An IJ has the discretion to grant a motion to continue removal proceedings upon "good cause shown." 8 C.F.R. § 1003.29. We have jurisdiction to review the denial of a motion to continue for an abuse of discretion. Zafar, 461 F.3d at 1362. However, we generally lack jurisdiction to consider claims not raised before the BIA. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Furthermore, where an appellant fails to raise arguments regarding an issue

on appeal, that issue is deemed abandoned.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Section 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i)(1), provides that an alien who: (1) entered the United States without inspection; (2) is the "beneficiary" of a labor certification petition that was filed before April 30, 2001, and was "approvable when filed;" and (3) was present in the United States on December 21, 2000, may apply to the Attorney General and pay a penalty fee for the adjustment of his status to that of an alien lawfully admitted for permanent residence.  INA § 245(i)(1), 8 U.S.C. § 1255(i)(1); 8 C.F.R. § 245.10(a)(1)(i)(B).  However, in Zafar, we explained that, to be eligible for adjustment-of-status, the alien must meet two statutory requirements: (1) he must be "eligible to receive an immigrant visa;" and (2) an immigrant visa must be "immediately available" at the time that the adjustment of status application is filed.  Zafar, 461 F.3d at 1363; 8 U.S.C. § 1255(i)(2)(A), (B).

In Zafar, we explained that, when aliens do not meet the above requirements "[a]t the time of their removal hearings," and have not yet filed for adjustment of status, it is not an abuse of discretion for an IJ to deny a motion for a continuance. Zafar, 461 F.3d at 1363-64.  To be "eligible" to receive an employment-based immigration visa, an alien must file an I-140 petition, along with  "an approved labor certificate" from the Department of Labor.  Id. at 1363; 8 C.F.R.

4

§§ 204.5(a)(2), (3). Thus, if an alien has not received an approved labor certificate, he is not statutorily eligible for adjustment of status. Zafar, 461 F.3d at 1363. Speculation that, "at some point in the future," an alien will receive an approved labor certificate, and then be able to file the I-140 petition for an employment-based immigration visa and eventually the I-485 application for adjustment of status, is not sufficient to establish an abuse of discretion. Id. at 1363-64. Accordingly, we concluded that, where the petitioner has only filed for a labor certificate, and completed no other steps, it is not an abuse of discretion to deny a motion for continuance. Id. at 1365-66.

We need not test the reach of Zafar here, because we find as an initial matter that Momin abandoned any argument based on the approval of his labor certification subsequent to his hearing before the IJ. See Fernandez-Bernal, 257 F.3d at 1317 n.13; Sepulveda, 401 F.3d at 1228 n.2. Momin did not specifically or clearly raise this issue before the BIA, and we do not generally have jurisdiction over such claims. See Fernandez-Bernal, 257 F.3d at 1317 n.13. He failed to present any argument in his memorandum concerning the potential impact, if any, of approved labor certification, but rather, continued to argue that an approved labor certification should not have been required.

Moreover, even if Momin had preserved that issue below, he fails to argue it on appeal. See Sepulveda, 401 F.3d at 1228 n.2. He instead maintains that the fact

that his labor certification was pending at the time of his hearing should have been sufficient to require the IJ to grant a motion for continuance. However, that argument necessarily fails in light of our decision in Zafar, 461 F.3d at 1363-66. We already have rejected the position that Momin takes, finding that the petitioners in Zafar were not statutorily eligible for relief because, at the time of their hearings, they had only pending labor certifications, and had not filed I-140 petitions for employment-based visas, nor I-485 applications for adjustment-of-status. Id. at 1362-63. Momin may disagree with our decision in Zafar, but only the Supreme Court or a panel of this Court sitting en banc may overrule it. See Walker v. Southern Co. Serv., Inc., 279 F.3d 1289, 1293-94 (11th Cir. 2002). Accordingly, his petition is denied as to this issue.

## II

We have jurisdiction to review substantial constitutional claims. Moore v. Ashcroft, 251 F.3d 919, 923-24 (11th Cir. 2001). Although aliens receive "the guarantees of equal protection[,] . . . classifications that distinguish among groups of aliens are subject to relaxed scrutiny under the rational basis standard of review, and are valid unless arbitrary or unreasonable." Fernandez-Bernal, 257 F.3d at 1312 (quotations and citations omitted). In Zafar, we rejected an equal protection argument based on the allegation that IJs in different jurisdictions treated aliens with pending labor certifications differently, because the petitioners failed to cite,

6

and we could not find, any authority supporting their contention.  <u>Zafar</u>, 461 F.3d at 1367.  We recently used the same reasoning to reject a petitioner's similar equal protection argument, noting that the petitioner had provided "no support in the record or case law tending to show an equal protection violation."  <u>Haswanee v. United States Att'y Gen.</u>, No. 06-12636, manuscript op. at 14-15 (11th Cir. December 8, 2006).

Although Momin argues that our analysis in <u>Merchant</u> created an equal protection claim, he cites no authority to support his contention that an equal protection violation has occurred.  <u>See</u> <u>Zafar</u>, 461 F.3d at 1367; <u>Haswanee</u>, manuscript op. at 14-15.  Indeed, Momin does not even articulate the equal protection framework, let alone how his claim would fit within it.  <u>See</u> <u>Fernandez-Bernal</u>, 257 F.3d at 1312.  Thus, we reject his asserted equal protection claim.  Moreover, Momin makes the same due process argument that we previously rejected in <u>Zafar.</u>  <u>See</u> <u>Zafar</u>, 461 F.3d at 1367.  Accordingly, we deny his petition as to this issue as well.

**PETITION DENIED.**