[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11241
Non-Argument Calendar
_____

Agency No. A047-958-656


RIKESH NAVNIT PATEL,
a.k.a. Rikesh Patel,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of
the Board of Immigration Appeals
_____
(December 17, 2012)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Rikesh Navnit Patel, a native and a citizen of the United Kingdom, petitions for review of the order of the Board of Immigration Appeals ("BIA") determining that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony and under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of an offense relating to a controlled substance. Specifically, Patel's removability was based on his Florida convictions for possession of 20 grams or less of marijuana, possession of alprazolam with intent to sell or deliver, and possession of oxycodone with intent to sell or deliver, all under Fla. Stat. Ann. § 893.13, and one conviction for possession of drug paraphernalia, under Fla. Stat. Ann. § 893.147(1). On appeal, Patel asserts that because his convictions under Fla. Stat. Ann. § 893.13 lack a *mens rea* greater than strict liability or negligence, they should not be considered deportable offenses.

Our jurisdiction to review orders of removal is limited by the Immigration and Nationality Act which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [or] (B) . . . of this title." 8 U.S.C. § 1252(a)(2)(C). However, we have jurisdiction to review constitutional claims or questions of law, which includes whether the petitioner is "(1) an alien; (2) who is removable; (3) based on having committed a disqualifying

2

offense."   8 U.S.C. § 1252(a)(2)(D); *Moore v. Ashcroft*, 251 F.3d 919, 923 (11th Cir. 2001).    We also have held that the question of whether a petitioner's conviction constitutes an "aggravated felony" within the meaning of the INA is a question of law that falls within our jurisdiction.  *Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1360 (11th Cir. 2005).   Because Patel's petition raises a question of law, namely whether his convictions under Fla. Stat. Ann. § 893.13 should be considered deportable offenses, we have jurisdiction to review his petition.

We, however, need not resolve this question, because even if we assume all of Patel's convictions under Fla. Stat. Ann. § 893.13 do not constitute deportable offenses, Patel does not challenge his removability based on his drug paraphernalia conviction under Fla. Stat. Ann. § 893.147(1).   The BIA also found Patel removable as having been convicted of a controlled-substance offense based on the drug paraphernalia conviction, which Patel does not contest.   *See* 8 U.S.C. § 1227(a)(2)(B)(i) (providing that an alien who has been convicted of an offense "relating to a controlled substance," other than a single offense involving possession of less than 30 grams of marijuana for one's own personal use, is deportable).   *See also Alvarez-Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1193 (11th Cir. 2008) (holding that an alien with a conviction for possession of drug paraphernalia was inadmissible under 8 U.S.C. § 1182(a)(2)(A)).

3

**PETITION DENIED.**