[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10510
Non-Argument Calendar
_____

Agency No. A091-152-345

MINTRA RAGOONATH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 22, 2013)

Before DUBINA, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Mintra Ragoonath petitions for review of her final administrative order of removal from the Department of Homeland Security.  On appeal, she argues that we should remand her case for a full removal hearing before an immigration judge

because: (1) her conviction for bank embezzlement, 18 U.S.C. § 656, is not categorically an aggravated felony when the loss exceeds $10,000; and (2) even if it is, the government failed to demonstrate a loss in excess of $10,000 by clear, convincing, and unequivocal evidence.  After thorough review, we affirm.

We review de novo whether a prior conviction qualifies as an aggravated felony.  Accardo v. U.S. Att'y Gen., 634 F.3d 1333, 1335 (11th Cir. 2011).  The Supreme Court has instructed appellate courts, when reviewing full immigration hearings, to remand a case for additional investigation or explanation if the record does not contain appropriate fact findings.  See INS v. Ventura, 537 U.S. 12, 16-17 (2002).  Consistent with this, we will remand if the record contains inadequate findings.  Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375-77 (11th Cir. 2006).

Our jurisdiction to review orders of removal is limited by the Immigration and Nationality Act ("INA"), which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]."  8 U.S.C. § 1252(a)(2)(C).  We retain jurisdiction, however, over "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D).  The question of whether a petitioner's conviction constitutes an "aggravated felony" within the meaning of the INA is a question of

2

law that falls within our jurisdiction.  See Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005).

An alien is normally placed into removal proceedings pursuant to 8 U.S.C. § 1229a.  However, an alien convicted of an aggravated felony may be removed in an expedited administrative proceeding.  8 U.S.C. § 1228(b).  An expedited administrative removal proceeding will be used if the officer is satisfied that an individual: (1) is an alien; (2) who has not been admitted for lawful permanent residence; (3) who has been finally convicted of an aggravated felony; and (4) who is deportable under § 1227(a)(2)(A)(iii) because of that conviction.  See 8 C.F.R. § 238.1(b)(1).  If the individual submits a response, the service officer must find that deportability is established by clear, convincing, and unequivocal evidence in the record of the proceeding.  8 C.F.R. § 238.1(d)(2).  An alien may rebut the charges by specifically challenging certain findings in writing and supporting the challenge with "affidavit(s), documentary information, or other specific evidence supporting the challenge."  8 C.F.R. § 238.1(c)(2)(i).

An alien convicted of an aggravated felony is removable.  8 U.S.C. § 1227(a)(2)(A)(iii).  An offense involving fraud or deceit that results in a loss to a victim of over $10,000 is an aggravated felony.  See 8 U.S.C. § 1101(a)(43)(M). While a crime of fraud or deceit required a greater loss to a victim prior to 1996, Congress amended the definition of an aggravated felony in 1996, lowered the

threshold amount to qualify to losses in excess of $10,000, and explicitly made the amendments retroactive. Id.; Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1378-79 (11th Cir. 2011). We have held that a conviction under 18 U.S.C. § 656 involves fraud and deceit and is therefore categorically an aggravated felony if the loss exceeds $10,000. Moore v. Ashcroft, 251 F.3d 919, 923 (11th Cir. 2001).

The Supreme Court addressed the issue of establishing loss amount for immigration purposes in Nijhawan v. Holder, 557 U.S. 29 (2009). First, it held that loss amount is a factual circumstance surrounding the fraud and not an element of the fraud itself. Id. at 36-40. However, the loss must be tied to the specific counts covered by the conviction involving fraud and deceit, and, "since the Government must show the amount of loss by clear and convincing evidence, uncertainties caused by the passage of time are likely to count in the alien's favor." Id. at 42. Ultimately, the Court held that the immigration judge properly "relied upon earlier sentencing-related material," including a factual stipulation at sentencing and a restitution order -- both showing the loss was greater than $10,000 -- especially given the lack of conflicting evidence from the petitioner, when finding the loss amount was clear and convincing. Id. at 42-43. Similarly, the Third Circuit has said that a restitution order "may be helpful" to the inquiry, but is not controlling in the face of conflicting evidence. Munroe v. Ashcroft, 353 F.3d 225, 227 (2003).

4

We've said that an immigration judge is not entitled to rely solely on a restitution order to establish the loss amount for an aggravated felony if the restitution order includes additional conduct not included in the plea, as raised and demonstrated by the petitioner. Obasohan v. U.S. Att'y Gen., 479 F.3d 785, 789-91 (11th Cir. 2007), overruled on other grounds by Nijhawan, 557 U.S. 29. In that case, we held that "the restitution order was insufficient as a matter of law" at the immigration hearing, both because it referenced conduct not charged, proven, or admitted prior to sentencing and because the standard at sentencing was a lower "preponderance of the evidence" standard. Id. at 791. The government, however, admitted to the fact that the restitution order was based on acts other than the offense of conviction. Id. at 789-90.

Here, Ragoonath initially challenges the characterization of her conviction as categorically an aggravated felony and the retroactive application of the necessary loss amount for a fraud and deceit conviction to qualify as an aggravated felony. We have already addressed both issues, and the claims are without merit. Moore, 251 F.3d at 923; Maldonado, 664 F.3d at 1378-79; see also Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998) (holding that we are bound by prior panel opinions until they are overruled or abrogated by the Supreme Court or this Court sitting en banc).

5

Ragoonath also argues that DHS failed to establish the amended loss amount of $10,000 necessary for an aggravated felony by clear, convincing, and unequivocal evidence.  See 8 C.F.R. § 238.1(b)(1), (d)(2).  She also says that the findings are insufficient for appellate review because there was no specific loss amount in the final administrative removal order.  However, she was specifically charged with committing an aggravated felony under 8 U.S.C. § 1101(a)(43)(M) in her notice and found to have committed such a felony in her final administrative removal order.  Accordingly, DHS implicitly found a loss in excess of $10,000, which is sufficient if the record properly supports that finding.

In support of the loss amount, the government provided a restitution order from a one-count indictment with a loss in excess of $10,000.  Once Ragoonath received the notice of intent to issue a final administrative removal order, she could rebut the charges by presenting evidence, including affidavits, supporting her challenges to those charges.  However, she presented no additional evidence showing the loss amount was less, or that she was not otherwise convicted of an aggravated felony.  This restitution amount is controlling in the absence of any evidence to the contrary, and there is none.  See Nijhawan, 557 U.S. at 42-43.  Accordingly, we deny her petition.

**PETITION DENIED.**

6