[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15573
Non-Argument Calendar
_____

Agency No. A029-364-771

CLAUDIA Y. SALINAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 23, 2015)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Claudia Salinas, a native and citizen of Nicaragua, seeks review of

the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her

removal proceedings.  After careful review, we deny the petition for review.

## I.    BACKGROUND

Petitioner entered the United States as a derivative beneficiary of her father's asylum application and adjusted her status to that of a lawful permanent resident in February 1994.  The Department of Homeland Security later initiated removal proceedings against Petitioner, charging her as removable under 8 U.S.C. § 1227(a)(2)(B)(i) because she had been convicted of a controlled substance offense.  At a hearing, Petitioner conceded the fact of her conviction and the Immigration Judge ("IJ") sustained the charge of removability.  Petitioner then requested cancellation of removal.

After a merits hearing on Petitioner's cancellation of removal application, the IJ denied Petitioner's application.  In an oral decision, the IJ acknowledged it had considered mitigating factors offered by Petitioner, but it also noted Petitioner's extensive criminal history, including the existence of several serious offenses, as well as Petitioner's failure to provide full records or an explanation of her many arrests.  The IJ therefore concluded that, on balance, Petitioner had failed to demonstrate that she merited a favorable exercise of the IJ's discretion.  The BIA affirmed the IJ's decision on May 13, 2013.

Over a year later, on July 29, 2014, Petitioner moved the BIA to reopen the above closed removal proceedings.  Petitioner argued that the BIA may exercise its

authority to *sua sponte* reopen cases when "the interests of justice so warrant."

She argued that the interests of justice justified reopening her case because she had

worked as a confidential informant ("CI") for the United States Government and

the Palm Beach County Sheriff's Narcotics Unit.  Petitioner claimed that, as a CI,

she infiltrated a Nicaraguan gang and provided the Government with detailed

information about one of its leaders, as well as the gang's criminal activities and

members.  Petitioner also alleged newly-discovered evidence that her mother had

been kidnapped in March 2014 by three armed men while she was in Nicaragua

trying to locate a place for Petitioner to live after her deportation.  The men

allegedly beat Petitioner's mother and demanded to know when Petitioner would

be returning to Nicaragua.

In support of her motion, Petitioner submitted an affidavit from her mother

about the latter's kidnapping.  Petitioner also submitted an application for asylum,

withholding of removal, and relief under the United Nations Convention Against

Torture ("CAT").  Petitioner, however, submitted no evidence regarding conditions

in Nicaragua nor any evidence to corroborate her claim that she had been a CI.

On November 18, 2014, the BIA denied Petitioner's motion to reopen her

case because the motion was untimely and Petitioner had not shown that she

qualified for the exception to the applicable time limitation period, which

exception allows a motion to reopen to be filed at any time if the motion seeks

3

asylum based on changed-country conditions since the entry of the order of removal. Because Petitioner had submitted no evidence to support her claims that she had been working as a CI and that armed men wished to harm her as a result, the BIA determined that her assertion did not support an asylum application nor were her circumstances sufficiently exceptional to warrant the BIA's exercise of discretion to *sua sponte* reopen the case.

Thereafter, on December 17, 2014, Petitioner was removed from the United States. The Government acknowledges, however, that Petitioner's removal does not moot her petition. *See Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001).

## II.    DISCUSSION

### A.    General Motion-to-Reopen Principles

An alien who has been ordered removed by the immigration court may seek to have the latter reopen the proceedings to reconsider that decision. But she is allowed to file only one motion to reopen removal proceedings, and that motion must be filed within 90 days after the date on which a final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A) & (C)(i). A tardy motion to reopen can be considered, however, (1) if it has been filed for the purpose of reapplying for asylum, withholding of removal, or CAT relief "based on changed country conditions arising in the country . . . to which removal has been ordered" and (2) if the proffered evidence is material to the

4

above assertion and (3) "was not available and would not have been discovered or presented at the previous hearing." *Id.* § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i).  Absent compliance with the above exception to the statutory time limit, a tardy petitioner's proceedings can be reopened only if the BIA chooses, *sua sponte*, to reopen the case on which it has already rendered a final decision.  8 C.F.R. § 1003.2(a).  There is no time limit on the BIA's ability to *sua sponte* reopen a proceeding.

But while there is no time limit on the BIA's power to initiate a reopening of the proceedings, there is also no jurisdiction by this Court to review the BIA's refusal, *sua sponte*, to reopen those proceedings.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).  We do, however, have jurisdiction to review the BIA's denial of a motion to reopen, even if that motion was tardy.  *See Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015) (when the BIA has denied a motion to reopen based on the untimeliness of the motion and has also declined to exercise its *sua sponte* authority to reopen, a federal court of appeals lacks jurisdiction over an appeal of the latter, but not the former).

**B.      Petitioner Failed to Exhaust the Issues Now Presented on Appeal**

In her motion to reopen before the BIA, Petitioner argued that the BIA should act *sua sponte*, based on the interests of justice.  As noted, we have no jurisdiction to review the BIA's refusal to reopen a proceeding on its own

authority.  On appeal, however, Petitioner has switched gears and now essentially relies on § 1229a(c)(7)(C)(ii) to support her argument that the proceedings should be reopened, notwithstanding the untimeliness of the motion. Section 1229a(c)(7)(C)(ii) allows the BIA to reopen a time-barred proceeding if the petitioner shows an entitlement to asylum, withholding of removal, or CAT relief based on "changed conditions" in the country to which she has been ordered to be removed.  The "changed condition" here is Petitioner's alleged fear that she will be endangered upon her return to Nicaragua because, between 2008 and 2013, she had worked as a CI for federal and Florida law enforcement officials who were investigating Nicaraguan drug gangs.  Corroborating these fears, Petitioner says, is the fact of her mother's alleged kidnapping when the latter visited Nicaragua in 2014 to look for a place for Petitioner to live once she was removed there.[1]

To insure that immigration courts enjoy a full opportunity to review the substance of objections by an immigrant who has been targeted for removal, the latter must present before the immigration court those issues that she contends disfavor removal.  For that reason, an alien "[must] exhaust[] all administrative remedies available to the alien as of right" to prompt our review.  8 U.S.C.

---

[1] Petitioner also argues, again for the first time, that the above facts mean that (1) "Florida law enforcement" had violated a Florida law requiring law enforcement to protect CIs and (2) the failure to reopen her proceedings prior to the execution of her removal order violated her Due Process Rights under the "state-created danger theory."  As to the latter theory, Petitioner argues that the Government had a duty to protect her from the danger it created by accepting her assistance as a CI:  a role, it should be noted, that Petitioner agreed to perform even after she became aware that she was about to be deported to Nicaragua.

§ 1252(d)(1). Indeed, when a petitioner has failed to raise an issue before the BIA, she has failed to exhaust her administrative remedies as to that issue, and we lack jurisdiction to consider that particular claim. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). This rule applies even if the BIA has nonetheless considered *sua sponte* this issue that the "alien, without excuse or exception, [has] fail[ed] to exhaust…." *Id.* at 1250.

Here, Petitioner did not raise her claim of changed-country conditions before the BIA. It is true that, in her counseled motion to reopen filed with the BIA, Petitioner relied on the same operative facts asserted before us (her alleged role as a CI and her mother's kidnapping). But in that motion, Petitioner specifically and repeatedly requested the BIA to exercise its *sua sponte* authority to reopen her removal proceedings under an interest-of-justice theory. She never advocated to the BIA that a changed-country conditions argument should apply. Nor did she explain how an informant relationship whose origin pre-dated the order of removal by several years would constitute evidence that she could not have presented at her original proceeding. Proof of both of the above elements was necessary for her to prevail on her present theory. Further, as noted, the fact that the BIA remarked on the lack of merit in any effort by Petitioner to gain a reprieve via a changed-country conditions argument does not excuse Petitioner's failure to raise this issue before that court. *See id.* Accordingly, we agree with the Government that

7

Petitioner failed to exhaust any argument that she now makes as to existence of changed-country conditions in Nicaragua.  Without success on that argument, Petitioner's motion to reopen cannot be considered timely, and the BIA therefore correctly so concluded.[2]

For all the above reasons, the **PETITION is DENIED.**

---

[2]  We acknowledge the Government's alternate argument that, even if exhausted, Petitioner's allegations do not imply that conditions in Nicaragua, as opposed to Petitioner's own personal conditions, had changed since the time of Petitioner's original proceeding.  The Government correctly notes that a change in an immigrant's personal circumstances is not the same thing as a change in the conditions of the country to which she is returning, and a change in the former does not create an exception to the time limitation for filing a motion to reopen.  *See Chen v. U.S. Att'y Gen.*, 565 F.3d 805, 809-10 (11th Cir. 2009).  Given our ruling on Petitioner's failure to exhaust this claim, however, we do not have to reach this question.