[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14291
Non-Argument Calendar

_____

Agency No. A042-355-073

ALBERIC ISRAEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 6, 2021)

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Alberic Israel, proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its dismissal of his appeal from the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The respondent argues that we lack jurisdiction in this case. In reply, Israel argues that we have jurisdiction because he raises a colorable constitutional claim—that, in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),[1] the BIA and IJ erred in finding that he was removable as an alien convicted of an aggravated felony crime of violence under 18 U.S.C. § 16. For the reasons that follow, we dismiss the petition in part and deny it in part.

## I.    Background

Israel, a native and citizen of Haiti, was admitted to the United States in 1990 as a lawful permanent resident. In 2007, he was convicted of aggravated battery with a deadly weapon, in violation of Fla. Stat. § 784.045(1)(a)(1), and he was sentenced to 20 years' imprisonment. Thereafter, the Department of Homeland Security ("DHS") served Israel with a notice to appear, charging him as removable under (1) 8 U.S.C. § 1227(a)(2)(A)(iii)—because he was convicted of

---

[1] In *Dimaya*, the Supreme Court held as unconstitutionally vague 18 U.S.C. § 16(b)'s residual clause. 138 S. Ct. at 1210, 1223.

an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which was a crime of violence under 18 U.S.C. § 16, for which the term of imprisonment was at least one year—and (2) 8 U.S.C. § 1227(a)(2)(C)—based on his conviction following his admission for using a firearm in violation of law.

Israel applied for asylum, withholding of removal, and CAT relief. Following a merits hearing, the IJ found that Israel was removable as charged. The IJ then denied Israel's application for asylum, withholding of removal, and CAT relief.

On April 26, 2018, the BIA affirmed the IJ's decision and dismissed the appeal. Specifically, the BIA affirmed the IJ's finding that Israel was removable under 8 U.S.C. § 1227(a)(2)(C) for having been convicted of a firearms violation, but, in light of *Dimaya*, it did not affirm the IJ's finding that Israel was also removable for having been convicted of an aggravated felony involving a crime of violence under 18 U.S.C. § 16(b). The BIA then affirmed the IJ's findings related to Israel's application for asylum, withholding of removal, and CAT relief.

In March 2019,[2] Israel, proceeding *pro se*, filed a "Belated Appeal/Or in the Alternative Petition for Review to the Court of Appeals with Leave to Amend (Based Upon a Constitutional Change in the Law)." He argued that his conviction

---

[2] While Israel's filing indicates that it was filed in February 2019 with the BIA, the BIA initially rejected his motion for failure to pay a filing fee or submit a fee waiver request form. The BIA then accepted his motion in March 2019 after receiving a fee waiver request form.

3

for aggravated battery was not categorically a crime of violence under 18 U.S.C. § 16, in light of *Dimaya*. He attached several exhibits in support of his motion. The first exhibit was a document entitled "Opposition to Order to Dismiss Appeal," which was stamped by the Department of Correction's legal mail department as having been received from Israel on May 24, 2018. In this document, Israel argued that the BIA erred in dismissing his appeal. The second exhibit was a June 2018 motion from DHS opposing Israel's motion to reconsider the BIA's decision. The third exhibit was Israel's October 2018 notice of inquiry to the BIA as to the status of his case. And the fourth exhibit was a January 2019 document from the Department of Justice returning Israel's October 2018 submission because the BIA had entered a decision in April 2018 and there was nothing presently pending before the BIA in his case.

The BIA construed Israel's March 2019 "belated appeal" filing as a motion to reconsider and denied it, concluding that it was untimely and otherwise without merit. The BIA noted that Israel's submission included attachments that indicated that he filed a motion to reconsider in May 2018, but that the BIA did not receive any filing from Israel in May 2018. The BIA concluded that Israel had not demonstrated an "exceptional situation" to warrant the BIA to *sua sponte* reconsider its prior decision. Finally, the BIA noted that, regardless, Israel had not provided a good reason for reconsideration because the BIA did not affirm his

removability based on a finding that he had been convicted of an aggravated felony involving a crime of violence under 18 U.S.C. § 16(b).  This appeal followed.

## II.    Discussion

We review whether we have jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  We review the BIA's denial of a motion for reconsideration for an abuse of discretion.  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).  Our review is limited to determining whether the BIA exercised its discretion arbitrarily or capriciously.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

We have jurisdiction over only the BIA's order denying Israel's motion to reconsider because he did not file a petition for review from the BIA's prior final order of removal.  *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review from a final order of removal must be filed "no later than 30 days after the date of the final order of removal"); *see also Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (noting the statutory 30-day limit in § 1252(b)(1) to file a petition for review with this Court is "mandatory and jurisdictional," and is therefore not subject to equitable tolling (quotation omitted)).  Accordingly, to the extent Israel's petition challenges the BIA's April 26, 2018 final order of removal, we dismiss it.[3]

---

[3] We also lack jurisdiction "to review any final order of removal against an alien who is

To the extent Israel challenges the denial of the motion for reconsideration, he has failed to show that the BIA abused its discretion in denying his motion.[4] The BIA issued the final order of removal on April 26, 2018, and Israel had 30 days from the date of the entry of that order in which to file a timely motion for reconsideration. *See* 8 U.S.C. § 1229a(c)(6)(B). Although Israel notes in passing that he filed a timely motion to reconsider in May 2018, he does not present any argument that undermines the BIA's statement that it had no record of that filing. Regardless, even assuming the motion for reconsideration was timely, as the BIA explained in denying the motion, it did not affirm the IJ's finding that Israel was removable based on his conviction for an aggravated felony crime of violence. Accordingly, there was no basis for granting the motion for reconsideration, and

---

removable by reason of having committed [certain enumerated criminal offenses]." 8 U.S.C. § 1252(a)(2)(C); *Moore v. Ashcroft*, 251 F.3d 919, 922–23 (11th Cir. 2001). One of the enumerated criminal offenses in § 1252(a)(2)(C) is a conviction "under any law of . . . using, owning, possessing, or carrying . . . any weapon, part, or accessory which is a firearm . . . ." 8 U.S.C. § 1227(a)(2)(C). Notwithstanding this jurisdictional-stripping provision, we retain jurisdiction over constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

[4] Although Israel states that he is challenging the denial of his motion for reconsideration, his briefs before this Court challenge the initial removal decision and present argument only on the merits of his *Dimaya* claim. He fails to allege any errors of law or fact in the BIA's decision denying his motion to reconsider. Thus, he has arguably abandoned this issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs by *pro se* litigants liberally, issues not briefed on appeal" or "raised for the first time in a *pro se* litigant's reply brief" are deemed abandoned.). Nevertheless, as discussed further in this opinion, to the extent he challenges the denial of the motion for reconsideration, the BIA did not abuse its discretion in denying the motion.

the BIA did not abuse its discretion in denying the motion.  Thus, to the extent that

Israel challenges the denial of his motion for reconsideration, we deny it.

**PETITION DISMISSED IN PART AND DENIED IN PART.**