Po Shing YEUNG, Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 94–2071.

United States Court of Appeals,
Eleventh Circuit.

Aug. 17, 1995.

As Modified on Grant of Rehearing
Jan. 2, 1996.

Ronald Haber, Miami, FL, for petitioner.

Donald A. Couvillon, Emily Anne Radford, I.N.S., Civ. Div., Washington, DC, for respondent.

Before EDMONDSON and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.

BARKETT, Circuit Judge:

Petitioner Po Shing Yeung ("Po") appeals from the dismissal by the Board of Immigration Appeals (the "Board") of his appeal from a ruling by an immigration judge ("IJ") affecting his deportation. The IJ found that Po was ineligible to file for a waiver of deportation proceedings under § 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h). We reverse.

Po entered the United States as an immigrant on February 24, 1988. On February 3, 1993, he pleaded guilty to, and was convicted of, attempted manslaughter with a knife for which he was sentenced to five years in prison. On May 21, 1993, the Immigration and Naturalization Service ("INS") charged Po with deportability on two grounds: (1) as an alien convicted of a crime of moral turpitude committed within five years of entry and sentenced to confinement in prison for one year or longer, under 8 U.S.C. § 1251(a)(2)(A)(i); and (2) as an alien convicted of an aggravated felony for which a term of imprisonment of five years or more was imposed, under 8 U.S.C. § 1251(a)(2)(A)(iii). At the deportation hearing, the IJ found, and Po conceded, deportability on the first ground.[1]

During the deportation hearing, Po sought to apply for a § 212(h) waiver of excludability, based upon his marriage to a lawful permanent resident and his U.S. citizen child. Section 212(h) provides that the Attorney General may, in her discretion, waive certain criminal grounds of exclusion if:

(1)(A) in the case of any immigrant it is established to the satisfaction of the Attorney General that—

(i) the alien is excludable only under subparagraph (D)(i) or (D)(ii) of such subsection or the activities for which the alien is excludable occurred more than 15 years before the date of the alien's application for a visa, entry, or adjustment of status,

(ii) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States, and

(iii) the alien has been rehabilitated; or

(B) in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien; and,

(2) the Attorney General, in [her] discretion, and pursuant to such terms, conditions and procedures as [s]he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.

Section 212(h) INA, 8 U.S.C. § 1182(h).

Notwithstanding that the Board had previously applied this waiver provision to deportations, the IJ found Po ineligible to apply for a § 212(h) waiver on the basis that it was a remedy reserved for exclusion proceedings. The Board rationalized that the only deportation cases where this waiver section had been found applicable were either cases in which the deportee had been able to file for an adjustment of status, or the deportee had departed and returned to this country subsequent to his conviction for committing the deportable offense. Thus, because Po (1) could not file for an adjustment of status, and (2) had not demonstrated that he had departed and returned to the United States since his 1993 conviction for attempted manslaughter, he was ineligible for a § 212(h) waiver.

Po argues on appeal that this distinction upon which the rejection of his claim is based violates his equal protection rights under the U.S. Constitution. Because of the Board's

---

1. The IJ declined to rule on deportability on the   second ground.

prior application of § 212(h) to deportation proceedings, we are compelled to agree.

■ The Supreme Court has found that "Congress ... possesses broad power to regulate the admission and exclusion of aliens," *INS v. Delgado,* 466 U.S. 210, 235, 104 S.Ct. 1758, 1772, 80 L.Ed.2d 247 (1984), and that, in fact, " '[o]ver no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." *INS v. Chadha,* 462 U.S. 919, 1000, 103 S.Ct. 2764, 2809, 77 L.Ed.2d 317 (1983) (quoting *Kleindienst v. Mandel,* 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972) (quoting *Oceanic Steam Navigation Co. v. Stranahan,* 214 U.S. 320, 339, 29 S.Ct. 671, 676, 53 L.Ed. 1013 (1908))). However, the Court has also observed that, "[i]n the enforcement of these policies, the Executive Branch of the Government must respect the procedural safeguards of due process." *Galvan v. Press,* 347 U.S. 522, 531, 74 S.Ct. 737, 743, 98 L.Ed. 911 (1954).

■■ The constitutional guarantee of equal protection under the law has been held applicable to aliens as well as citizens for over a century. *Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 6 S.Ct. 1064, 1072–73, 30 L.Ed. 220 (1886). In the case at bar, we apply the equal protection guarantee found in the Due Process Clause of the Fifth Amendment to an alien in a deportation context. Within the framework of equal protection jurisprudence, the rights of Po as a former permanent resident [2] subject to deportation are not "fundamental" rights, nor are the classifications here the "suspect" or "quasi-suspect" classifications that would warrant a strict or intermediate scrutiny standard of review. Because of Congress' plenary power over aliens, federal classifications such as those at issue in § 212 of the INA are subject to minimal scrutiny under the rational basis standard of review, and are valid if not arbitrary or unreasonable. According to the rational basis standard, the government regulation in question must be rationally related to a legitimate government purpose. Different classifications of persons "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561–62, 64 L.Ed. 989 (1920). Under the rational basis standard, the plaintiff bears the burden of establishing that the government regulation is arbitrary or unreasonable, and not rationally related to the government's purpose.

■ Po argues that his right to equal protection under the Due Process Clause of the Fifth Amendment is violated because § 212(h) cannot benefit him, but can benefit aliens who have left the United States and returned after a criminal conviction. Po claims that "[t]he Board of Immigration Appeals has applied Section 212(h) so as to create two classes of aliens identical in every respect except for the fact that members of one class have departed and reentered the United States at some point after they became deportable." Brief of Petitioner at 13.

We find Po's argument persuasive. In *Matter of Sanchez,* 17 I. & N.Dec. 218 (BIA 1980), a Mexican native entered the United States as a lawful permanent resident where he lived from 1965 to 1970. Beginning in 1970, he lived in Mexico and commuted daily to the United States for work until September 1976, when he began residing with his family in the United States. After a visit to Mexico in October 1976, he was arrested at the U.S. border and charged with mail fraud to which he eventually pleaded guilty. In February 1978, he was found deportable, and claimed, *inter alia,* that he was eligible for a § 212(h) waiver.

In finding Sanchez potentially eligible for the waiver,[3] the Board observed that Sanchez did not become excludable until long after his entry as an immigrant. More importantly, the Board found not only that aliens who become inadmissible after an original lawful entry may later be excluded from the United

---

2. Po was stripped of lawful permanent resident status when the Board dismissed his appeal.

3. The Board's final determination of eligibility for the waiver was contingent upon the outcome of certain other inquiries not relevant here.

States if they depart and seek to reenter, but also that they may at such later date be *eligible for various waivers of excludability.* In the instant case, Po, like Sanchez, originally made a lawful entry, and did not become excludable until long after his entry as an immigrant, but the Board found him ineligible for a waiver of exclusion merely because, unlike Sanchez, he had not departed and reentered the country. The Board uses this slender factual distinction to rationalize its differential treatment of the two cases.

In enacting § 212 legislation, Congress set out the grounds on which an alien could be denied admission to the United States, as well as conditions under which certain of those grounds could be waived. Specifically, the purpose of § 212(h) was to provide an opportunity for the Attorney General, in her discretion, to waive certain grounds of excludability for persons seeking entry or admission into the United States. However, the Board, as the executive agency authorized to interpret the statute, has ruled that § 212(h) waivers are available in deportation contexts, as when a permanent resident alien is found eligible to apply for a waiver because he departed and reentered the country subsequent to committing a deportable offense, *Matter of Sanchez,* 17 I. & N.Dec. 218 (BIA

1980), or when a permanent resident alien, having failed to depart and reenter subsequent to his conviction for a deportable offense, is found nonetheless eligible to apply for an adjustment of status, *Matter of Parodi,* 17 I. & N.Dec. 608 (BIA 1980). To claim, as the INS does here, that Po belongs to a different classification of persons simply by virtue of his failure to depart and reenter, is to recognize a distinction that can only be characterized as arbitrary, and that is without "a fair and substantial relation to the object of the legislation." *F.S. Royster Guano Co.,* 253 U.S. at 415, 40 S.Ct. at 562. We find that Po and Sanchez are similarly situated and deserving of similar treatment under the law. In particular, as deportable aliens they are equally deserving of waiver consideration by the Attorney General.

We find the instant case analogous to the long established dictates of *Francis v. INS,* 532 F.2d 268 (2d Cir.1976).[4] In *Francis,* the Second Circuit found that § 212(c),[5] which is similar to § 212(h), did indeed violate the equal protection component of the Fifth Amendment's Due Process Clause. The court found that:

> [u]nder present Board interpretations, a lawfully admitted alien, convicted of a narcotics offense, who departs from and re-

**4.** The rule of *Francis* has also been adopted by the courts of appeals for the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits. See *de Gonzalez v. INS,* 996 F.2d 804, 806 (6th Cir. 1993); *Leal–Rodriguez v. INS,* 990 F.2d 939, 949 (7th Cir.1993); *Butros v. INS,* 990 F.2d 1142, 1143 (9th Cir.1993) (*en banc*); *Casalena v. INS,* 984 F.2d 105, 106 n. 3 (4th Cir.1993); *Ghassan v. INS,* 972 F.2d 631, 633 n. 2 (5th Cir.1992); *Campos v. INS,* 961 F.2d 309, 313 (1st Cir.1992); *Vissian v. INS,* 548 F.2d 325, 328 n. 3 (10th Cir.1977).

In *Rodriguez–Padron v. INS,* 13 F.3d 1455 (11th Cir.1994), this Court distinguished the § 212(c) reasoning of *Francis* from the § 212(c) claims at stake here. The Court found that while under *Francis* certain deportable aliens could seek discretionary waivers of exclusion under § 212(c), they could do so only if they were deportable on a ground specified for exclusion in § 212; the § 212(c) waiver "was not available to aliens whose deportability was based on a ground for which a comparable ground of exclusion did not exist." *Rodriguez–Padron,* 13 F.3d at 1457. Petitioners in that case were subject to deportation based on their convictions for firearms violations, for which there were no analo-

gous grounds of exclusion in § 212. In this regard, however, the case at bar differs from *Rodriguez–Padron:* Po has been convicted of attempted manslaughter, a crime involving moral turpitude, for which there *is* a comparable ground of exclusion in § 212. *See Rodriguez–Padron,* 13 F.3d at 1458 n. 6.

**5.** Section 212(c) provides that:

> Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in [her] under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

Section 212(c) I.N.A., 8 U.S.C. § 1182(c).

turns to the United States to an unrelinquished domicile of seven years may be permitted to remain in this country in the Attorney General's discretion. On the other hand, the Attorney General is without discretion to allow petitioner, a lawfully admitted alien convicted of a narcotics offense, to remain in the United States despite an unrelinquished domicile of more than seven years solely because he has never made a temporary departure from this country since the time of his conviction. Petitioner contends that the distinction between these two classes of aliens lacks any basis rationally related to a legitimate governmental interest, and therefore, deprives him of the equal protection of the law. We agree, and, accordingly grant the petition and remand so that the Attorney General may exercise his discretion in this proceeding.

*Francis,* 532 F.2d at 269. Subsequently, the Board deferred to the authority of *Francis* in *Matter of Silva,* 16 I. & N.Dec. 26 (BIA 1976).

In practical effect, the Board has applied § 212(h) so as to create two classifications of aliens identical in every respect but for the fact that members of one of the classifications departed and returned to this country at some point after they became deportable. According to the Board, those who have so departed and returned are worthy of consideration by the Attorney General for exclusion waivers. Those whose fate has not led them to sojourn are due no such consideration.

In view of the fact that the Board has applied § 212(h) in these various ways, we are unmoved by the INS argument that Congress clearly intended that § 212(h) apply only to aliens who are seeking to avoid *exclusion,* not *deportation,* from the United States. We fully acknowledge the broad authority of Congress to enact legislation controlling the flow of immigration, and the authority of the Executive to interpret and execute the laws so enacted. But once Congress and the Executive have acted, we are obliged to safeguard the rights of citizens and aliens alike to equal protection under the law so that "individuals within a particular group may not be subjected to disparate

treatment on criteria wholly unrelated to any legitimate governmental interest." *Francis,* 532 F.2d at 273.

For these reasons, we find the Board's interpretation of § 212(h) unconstitutional as applied to Po. We recognize, however, that the issues raised here are of national importance in "an area of the law where uniformity is particularly important." *Jaramillo v. INS,* 1 F.3d 1149, 1155 (11th Cir.1993) (en banc). We will therefore afford the Attorney General, in whom Congress has vested the authority to rule on legal questions arising from the immigration law, the opportunity to reconsider and construe § 212(h) consistent with the competing statutory, constitutional, and policy interests at stake.

We remand the case to the Board of Immigration Appeals with instructions to reconsider its prior interpretation of § 212(h) in *Sanchez, Matter of Parodi,* 17 I. & N.Dec. 218 (BIA 1980) (overruling *Sanchez* would conflict with the *Parodi,* extension), and *Yeung* in order to make them consistent with the language of the statute itself. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

REVERSED and REMANDED.