[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11424
Non-Argument Calendar
_____

Agency No. A046-408-684


MYNOR ALFREDO ALAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 9, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mynor Alfredo Alas seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal, in which he had challenged the decision by an immigration judge ("IJ") to pretermit his application for a "stand-alone" waiver of inadmissibility brought under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h). While he concedes that he had never traveled outside of the United States since his initial arrival in the country in 1998, Alas contends that it was unconstitutional for his § 212(h) waiver application to be pretermitted on the basis that he had not concurrently sought readmission or filed an adjustment-of-status application when he filed the instant waiver application. In support of his argument, Alas asks that we reevaluate our holding in *Poveda v. U.S. Attorney General*, 692 F.3d 1168 (11th Cir. 2012), in light of the Supreme Court's decision in *Judulang v. Holder*, 565 U.S. __, 132 S.Ct. 476, 181 L.Ed.2d 449 (2011), and our earlier holding in *Yeung v. INS*, 76 F.3d 337 (11th Cir. 1995).

Alas also asserts that our remands in such cases as *Yeung* and *Lawal v. U.S. Att'y Gen.*, 710 F.3d 1288 (11th Cir. 2013), had instructed the BIA to review its precedent with regard to § 212(h), but the BIA nonetheless has failed to conduct the requested legal analysis. Alas thereby requests that we remand his case with specific instructions for the BIA to determine that his § 212(h) waiver may be filed without a concurrent filing of an adjustment-of-status application, or, alternatively, for the BIA to conduct a legal analysis on § 212(h).

2

We review the BIA's decision as the final judgment. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). However, because the BIA explicitly agreed with the IJ's findings, we review the decisions of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

Under the prior precedent rule, we are bound to follow a prior binding precedent "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010) (quotation omitted); *see also United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (holding that our precedent is binding unless it is contradicted by a decision that is "clearly on point" from either the Supreme Court or this Court sitting *en banc*).

Section 237(a)(2)(A)(i) of the INA provides that an alien who has been convicted of one crime of moral turpitude within five years of admission is deportable (if the sentence for the crime is one year or longer). INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i). Section 212(a) of the INA lists the classes of aliens who are inadmissible to the United States and ineligible to receive a visa, including, *inter alia*, individuals who have committed such a crime involving moral turpitude ("CIMT"). INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I).

3

Section 212(h) of the INA allows the Attorney General, in his discretion, to grant hardship waivers to certain classes of inadmissible aliens, including those who have committed CIMTs, if:

> (1)    (A) in the case of any immigrant it is established to the satisfaction of the Attorney General that . . .
>
> (B) in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien; . . . and
>
> (2) the Attorney General, in his discretion, and pursuant to such terms, conditions and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.

INA § 212(h), 8 U.S.C. § 1182(h). Part 1245 of Title 8 of the Code of Federal Regulations, titled "Adjustment of Status to that of Person Admitted for Permanent Residence," provides in relevant part that, except as provided in 8 C.F.R. §§ 1235 (related to aliens applying for admission at the port-of-entry) and 1249 (related to aliens applying for a waiver in conjunction with an adjustment-of-status application), "[a]n application under this part shall be the sole method of requesting the exercise of discretion under sections 212(g), (h), (i), and (k) of the [INA], as they relate to the inadmissibility of an alien in the United States." 8 C.F.R. § 1245.1(f).

4

In *Yeung*, we concluded that, because the BIA had applied § 212(h) so as to create two classifications of aliens, identical in every respect except that one class had departed and returned to the United States while the other had not, the BIA's interpretation of § 212(h) was unconstitutional as applied. *Id.* at 341. We remanded the case to allow the BIA to reconsider its prior interpretation of § 212(h) in the first instance and construe § 212(h) consistent with statutory, constitutional, and policy concerns. *Id.*

Subsequently, in *Poveda*, we considered "whether a removable alien [was] eligible for a waiver of inadmissibility, under [INA § 212(h)], 8 U.S.C. § 1182(h), if he remain[ed] within the United States, but fail[ed] to apply for an adjustment of his status." *Poveda*, 692 F.3d at 1171. We held that, in *Yeung*, the BIA "held out the possibility that a § 212(h) waiver would be available for a deportee who had departed and returned to this country subsequent to his conviction." *Id*. at 1174 (quotation omitted). However, post *Yeung*, the BIA had "backed away from" that interpretation and considered a § 212(h) waiver to be available in two situations. *Id.* at 1173-74. First, "the Attorney General may provide a waiver to an alien at the border who seeks admission, including an alien who has departed the United States after committing a deportable offense, so long as the alien remains outside of our borders while applying for relief." *Id.* at 1173. Second, "the Attorney General may provide a waiver to an alien within our borders after his conviction for a

deportable offense so long as he applies for an adjustment of status." *Id.* We determined that this interpretation of the statute was consistent with its plain language and was entitled to *Chevron*[1] deference. *Id.* at 1174, 1176.

Also in *Poveda*, we stated that an alien's eligibility for a "stand-alone" § 212(h) waiver was not based on his "lack of international travel," but rather a rational distinction "between those criminal aliens who seek to be admitted to the United States, and those criminal aliens who are being deported from the United States." *Id.* at 1177 (quotation and emphasis omitted). We concluded that those aliens seeking admission to the United States or those who are assimilated to the position of somebody seeking admission—such as by applying for adjustment of status—were eligible for a § 212(h) waiver. *Id.* Lastly, we concluded that there was a rational basis to distinguish between those aliens seeking admission and those aliens subject to deportation. *Id.* at 1177-78.

After issuing our decision in *Poveda*, we considered in *Lawal* whether a lawful permanent resident who had departed the United States and reentered without being stopped at the port-of-entry after becoming inadmissible because of criminal convictions was eligible for a § 212(h) waiver without concurrently filing an adjustment of status application. *See Lawal,* 710 F.3d at 1289. We concluded that an ambiguity existed between the BIA's current interpretation of § 212(h), as

---

[1]    *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

articulated in *Poveda*, and the BIA's prior precedent under *Matter of Sanchez*, 17 I. & N. Dec. 218 (BIA 1980), which held that lawful permanent residents who had left the United States after being convicted of a crime that rendered them inadmissible and later reentered the United States were treated as if they were outside of the border seeking admission. *Id.* at 1292-93. We concluded that it was unclear whether the BIA's current's interpretation of § 212(h) overruled *Sanchez,* and we remanded the case for the BIA to address this issue in the first instance. *Id.* at 1293-94. Subsequently, this court rejected the petitioner's position in *Lawal*. *See Rivas v. U.S. Att'y Gen.*, __ F.3d __ , 2014 WL 4338624 (11th Cir. Sept. 3, 2014).[2]

Here, pursuant to the prior precedent rule, we are bound to follow our ruling in *Poveda*, in which we concluded that a rational basis existed to limit the "stand-alone" § 212(h) waiver to only those aliens seeking admission into the United States, and to require all other aliens to concurrently file an application for a visa, admission, or adjustment of status. *See* INA § 212(h), 8 U.S.C. § 1182(h); *Poveda*, 692 F.3d at 1173, 1177-78; *Martinez*, 606 F.3d at 1305. As for Alas's reliance on *Judulang*, *Yeung*, and *Lawal*, none of these decisions directly contradicts *Poveda*, and we also did not decide *Yeung* and *Lawal en banc*. *See Kaley*, 579 F.3d at

---

[2]    Although the court in *Rivas* did not mention *Lawal*, it is clear that the *Rivas* panel reached the issue because the BIA in *Rivas* had addressed the issue in the first instance. *See Matter of Rivas*, 26 I. & N. Dec. 130, 131-132 (BIA 2013).

1255.  Finally, Alas's contention that the BIA has failed to sufficiently reconsider its precedent related to § 212(h) is meritless, because the binding opinion in *Poveda* concluded that the BIA had in fact reconsidered and altered its interpretation of § 212(h) since the issuance of *Yeung*.  *See Poveda*, 692 F.3d at 1173-74; *Martinez*, 606 F.3d at 1305.

Accordingly, because *Poveda* forecloses Alas's eligibility for a "stand-alone" § 212(h) waiver, the BIA did not err in dismissing his appeal of the IJ's decision to pretermit his § 212(h) waiver application.  *See Poveda*, 692 F.3d at 1173, 1177-78.  We therefore deny Alas's petition for review.

**PETITION DENIED.**