[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11796
Non-Argument Calendar

_____

Agency No. A079-400-970

JUSTO MANUEL VILLALVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 13, 2014)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Justo Manuel Villalva, a native and citizen of Peru, seeks review of an order

of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

("IJ's") denial of Villalva's application for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h).  On appeal, Villalva argues that his Florida state conviction for aggravated assault with a deadly weapon was not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), because he did not receive a sentence of imprisonment greater than one year until his probation was revoked.  He also contends that the BIA incorrectly found that he was ineligible for a § 212(h) waiver.  After careful review, we deny the petition.

**I.**

Villalva was admitted to the United States as a conditional resident in 2001 and subsequently adjusted his status to that of a lawful permanent resident in 2005. In 2006, Villalva was convicted in Florida state court of two counts of aggravated assault with a deadly weapon, in violation of Fla. Stat. §§ 784.011, 784.021(1)(a), and 784.021(2).  Villalva initially was sentenced to two years of probation.  His probation was subsequently revoked, however, and he then received a five-year term of imprisonment.

Villalva was served with a Notice to Appear in 2011, charging him as removable because he was a lawful permanent resident who had been convicted of an aggravated felony for which the term of imprisonment ordered was at least one year, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Villalva applied for cancellation of removal, arguing that his aggravated-assault conviction did not qualify as an

2

aggravated felony because his initial sentence did not include one year in prison, and his subsequent sentence upon revocation of probation should not be counted. Villalva later sought a § 212(h) waiver of inadmissibility. Villalva did not file an application for adjustment of status along with his waiver application.

The IJ denied Villalva's application for a § 212(h) waiver and ordered him removed to Peru. Among other things, the IJ found that Villalva's aggravated-assault conviction constituted an aggravated felony because his five-year sentence upon revocation of probation counted as the original sentence for the underlying offenses. The IJ also concluded that Villalva was ineligible for a § 212(h) waiver under this Court's recent decision in *Poveda v. United States Attorney General*, 692 F.3d 1168 (11th Cir. 2012), because he was not applying for admission, returning to the United States, or the subject of a presently pending application for an adjustment of status.

Villalva appealed to the BIA, which dismissed his appeal and affirmed the IJ's decision. Citing its own precedent, the BIA agreed with the IJ that Villalva's aggravated-assault conviction qualified as an aggravated felony. The BIA likewise agreed with the IJ that Villalva was not eligible for a § 212(h) waiver under *Poveda*. Villalva timely filed a *pro se* petition for review with this Court, and we granted him leave to proceed *in forma pauperis* and appointed him counsel.

3

## II.

We review questions of law *de novo*, including whether a conviction is an "aggravated felony." *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335-36 (11th Cir. 2011). While we generally lack jurisdiction to review the Attorney General's decision to grant or deny a waiver, we retain jurisdiction to review the legal question of whether Villalva was statutorily eligible to apply for a § 212(h) waiver. *Poveda*, 692 F.3d at 1172.

In assessing a petition for review, we review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). Because the BIA agreed with the IJ's reasoning on the aggravated felony and § 212(h) waiver issues, we review both decisions on these issues. *See id.*

## III.

A resident alien may be removed from the United States as a result of a conviction for an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). To qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), the offense must be a result in a term of imprisonment of at least one year.

Villalva contends that his conviction for aggravated assault with a deadly weapon is not an aggravated felony as defined by § 1101(a)(43)(F) because his five-year sentence imposed upon revocation of probation should not count as his

4

sentence for the underlying offenses.  Villalva relies on Fla. Stat. § 948.06 to argue that, when probation is revoked, the offender is punished for different conduct—failure to comply with the terms of probation—than the original offense.  Upon revocation, he asserts, the sentence for the original offense is eliminated, not modified, and a new sentence is imposed.  The "only relationship between the original and subsequent sentence," according to Villalva, "is that the court is limited to impose a sentence within the statutory maximum allowed for the original offense."

We recently addressed this same scenario in *Dixon v. United States Attorney General*, ___ F. 3d ___, No. 13-11492, (11th Cir. Oct. 1, 2014).  Like Villalva, the petitioner in *Dixon* argued that the five-year term of imprisonment he received upon revocation of probation was a new sentence that did not relate back to the original, underlying offense.  We rejected Dixon's argument for two reasons.  First, we found that "Florida law clearly holds that the sentence imposed after a probation violation is for the original, underlying offense."  *Id.*, manuscript op. at 4.  Second, we found that the factual circumstances of the proceedings related to Dixon's underlying offense reflected that description of Florida law.  Specifically, we noted that Dixon was not adjudicated guilty of the underlying offense until his probation was revoked, at which time he was sentenced to a five-year term of imprisonment. *Id.*, manuscript op. at 4-5.

5

Although Villalva, unlike Dixon, was "adjudicated guilty" in the underlying judgment, that minor factual difference does not alter our conclusion that Villalva's five-year term of imprisonment counts as his original sentence. First, Florida law permits courts to "[p]lace the offender on probation with or without an adjudication of guilt." Fla. Stat. § 921.187(1)(e). Second, as we stated in *Dixon*, Florida law is clear "that the sentence imposed after a probation violation is for the original, underlying offense." *Dixon*, manuscript op. at 4; *see Cozza v. State*, 756 So. 2d 272, 273 (Fla. Dist. Ct. App. 2000) ("[O]nce the court revokes probation or community control, the court resentences the offender on the original charge, and may impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control." (internal quotation marks omitted) (citing Fla. Stat. § 948.06(2)(b)); *see also Lambert v. State*, 545 So. 2d 838, 841 (Fla. 1989) ("[V]iolation of probation is not itself an independent offense punishable at law in Florida."). Third, consistent with Florida law on this point, Villalva's underlying judgment "stay[ed] and with[eld] the imposition of sentence" pending Villalva's completion of probation.[1]

Under relevant Florida law and upon consideration of the factual circumstances of the proceedings on Villalva's underlying offenses, we find that the probation revocation and resentencing resulted in a prison term of at least one

---

[1] According to state-court records, the case number on the original judgment matched the case number on the sentencing documents issued upon the revocation of Villalva's probation.

year for purposes of § 1101(a)(43)(F).  Therefore, the BIA properly determined that Villalva was removable for having committed an "aggravated felony."  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

## IV.

Villalva also argues on appeal that the agency erred in denying his "stand-alone" application for a § 212(h) waiver of inadmissibility and in requiring a concurrent adjustment-of-status application.  He argues that this case should be remanded to the BIA for consideration in light of the Supreme Court's decision in *Judulang v. Holder*, 565 U.S. ___, 132 S. Ct. 476 (2011), and our decision in *Lawal v. United States Attorney General*, 710 F.3d 1288 (11th Cir. 2013).  He also relies on our prior decision in *Yeung v. Immigration & Naturalization Service*, 76 F.3d 337 (11th Cir. 1995).

As relevant here, INA § 212(h)(1)(B) "gives the Attorney General the discretion to waive the immigration consequences of certain criminal convictions if a person demonstrates that her removal or denial of admission would result in extreme hardship to a U.S. citizen family member."  *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363, 1365 (11th Cir. 2011).

In *Poveda*, we considered whether a removable alien was eligible for a waiver of inadmissibility under § 212(h) if he remained in the United States but failed to apply for adjustment of status.  692 F.3d at 1171.  We concluded that the

petitioner, a lawful permanent resident, was ineligible for a waiver and held that the BIA's interpretation of § 212(h) was reasonable and entitled to our deference. *Id.* at 1176-77.  In doing so, we distinguished our prior decision in *Yeung* on the basis that it addressed an interpretation of § 212(h) since "abandoned" by the BIA in light of amendments to the INA in 1996.  *Id.* at 1173-75.

According to our decision in *Poveda*, the BIA currently interprets § 212(h) to be available in two situations.  *Id.* at 1173.  First, "the Attorney General may provide a waiver to an alien at the border who seeks admission, including an alien who has departed the United States after committing a deportable offense, so long as the alien remains outside our borders while applying for relief."  *Id.*  Second, "the Attorney General may provide a waiver to an alien within our borders after his conviction for a deportable offense so long as he applies for an adjustment of status."  *Id.*  In other words, "an alien who remains within the United States must apply for an adjustment of status to obtain a waiver under section 212(h)."  *Id.* at 1173-74.

After our decision in *Poveda*, we considered in *Lawal* whether a lawful permanent resident who had departed the United States and re-entered after becoming inadmissible because of a criminal conviction was eligible for a § 212(h) waiver without concurrently filing an adjustment of status application.  *See Lawal*, 710 F.3d at 1289.  We concluded there was some ambiguity between the BIA's

8

interpretation of § 212(h), as explained by *Poveda*, which was decided after the BIA's opinion in the case, and the BIA's prior precedent under *Matter of Sanchez*, 17 I. & N. Dec. 218 (BIA 1980), which treated certain aliens in the United States as if they were outside of the border seeking admission into the United States. *Id.* at 1293. Therefore, we remanded the case for the BIA to reconsider *Sanchez* in light of our intervening decision in *Poveda* and the Supreme Court's decision in *Judulang*. *Id.* at 1293-94.

Subsequently, in a separate case, the BIA concluded that its decision in *Sanchez* was no longer valid in light of congressional amendments to § 212(h) after *Sanchez* was decided. *See Matter of Rivas*, 26 I. & N. Dec. 130, 131-132 (BIA 2013). On appeal, we upheld as reasonable the BIA's decision to overrule *Sanchez. Rivas v. U.S. Att'y Gen.*, 765 F.3d 1324, 1329-30 (11th Cir. 2014).

Here, the BIA did not err in denying Villalva's "stand-alone" application for a § 212(h) waiver of inadmissibility. Like the petitioner in *Poveda,* Villalva is not eligible for relief under §212(h) because he remained in the United States and did not concurrently file an application for adjustment of status.[2] *Poveda*, 692 F.3d at 1173, 1176. Villalva's reliance on *Judulang* and *Lawal* is unavailing because neither of these decisions directly contradicts the holding of *Poveda*. *See United*

---

[2] Although Villalva made a fleeting and unsubstantiated reference to having filed an application for an adjustment of status in his briefing before the BIA, there is no indication of such a filing in the record and, further, Villalva has not renewed that claim on appeal.

*States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("We may disregard the holding of a prior opinion only where that holding is overruled by the Court sitting en banc or by the Supreme Court." (internal quotation marks omitted)). Indeed, *Judulang* dealt with discretionary relief under a different section of the INA, and Villalva expressly concedes that he is relying on non-binding dicta in that opinion. *Lawal* identified an ambiguity in the BIA's prior precedent that, as our decision in *Rivas* shows, is no longer present. Therefore, the BIA properly determined that Villalva was not eligible for a § 212(h) waiver based on *Poveda*.

## V.

In sum, the BIA correctly held that Villalva committed an aggravated felony and that he was ineligible for a § 212(h) wavier based on our decision in *Poveda*. Accordingly, we **DENY** the petition for review.

10