[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14363
Non-Argument Calendar

_____

Agency No. A076-577-376

MYKOLA SHCHUPAK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 14, 2016)

Before MARCUS, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Mykola Shchupak petitions for review of the Immigration Judge's ("IJ")

order, which the Board of Immigration Appeals ("BIA") affirmed without opinion,

denying his claim for a hardship waiver of inadmissibility under Immigration and

Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h).  On appeal, Shchupak, who was found to be deportable and who is not concurrently applying for adjustment of status, argues that the immigration judge ("IJ") violated his equal protection rights by determining that he is ineligible for waiver under INA § 212(h).  After thorough review, we deny Shchupak's petition.

When the BIA affirms the IJ's decision without opinion, we review the IJ's order as the final agency decision.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005).  Although we lack jurisdiction to review a decision of the Attorney General to grant or deny a waiver under INA § 212(h), we have jurisdiction to review the legal question of whether the petitioner is statutorily eligible to apply for a § 212(h) waiver.  Lanier v. U.S. Att'y. Gen., 631 F.3d 1363, 1365 n.2 (11th Cir. 2011).  We review the BIA's statutory interpretation de novo, "but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress."  Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005).  Constitutional challenges are reviewed de novo.  Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).

Section 212(h) provides that the Attorney General, in her discretion, may waive an alien's inadmissibility from having certain criminal convictions if the petitioner demonstrates that his "denial of admission would result in extreme hardship" to a United States citizen family member, and the Attorney General has

2

"consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status." 8 U.S.C. § 1182(h). "[F]ederal classifications such as those at issue in § 212 of the [INA] are subject to minimal scrutiny under the rational basis standard of review, and are valid if not arbitrary or unreasonable." Poveda v. U.S. Att'y Gen., 692 F.3d 1168, 1172 (11th Cir. 2012) (quotation omitted). Under the rational basis standard, the alien bears the burden of establishing that the government regulation is arbitrary or unreasonable, and not rationally related to the government's purpose. Id.

Previously, we held that the BIA's prior interpretation of § 212(h), which permitted the waiver for deportable (as opposed to inadmissible) aliens only if the deportable alien could apply for adjustment of status or had departed and returned to the United States after their criminal conviction, was unconstitutional as a violation of equal protection. Yeung v. INS, 76 F.3d 337, 338-41 (11th Cir. 1995). However, "[i]n the wake of Yeung, the Board has 'abandoned' its previous position." Poveda, 692 F.3d at 1173. Currently, the BIA:

> interprets section 212(h) to provide that the Attorney General may grant a waiver in two situations: first, the Attorney General may provide a waiver to an alien at the border who seeks admission, including an alien who has departed the United States after committing a deportable offense, so long as the alien remains outside our borders while applying for relief; and second, the Attorney General may provide a waiver to an alien within our borders after his conviction for a deportable offense so long as he applies for an adjustment of status.

3

Id.   Thus, "an alien who remains within the United States must apply for adjustment of status to obtain a waiver under section 212(h)."  Id. at 1173-74.

In Poveda, we held that the BIA's current interpretation of INA § 212(h) is reasonable and thus entitled to Chevron deference.  Id. at 1176; see Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 865 (1984) (holding that where Congress has not unambiguously spoken in a statute on an issue, the statutory interpretation by the agency entitled to administer it is entitled deference so long as the interpretation is reasonable).  We noted that the true distinction between those eligible and ineligible for the § 212(h) waiver "is not 'lack of international travel,'" but rather between "those criminal aliens who seek to be admitted to the United States, and those criminal aliens who are being deported from the United States."   Poveda, 692 F.3d at 1177 (quotations and emphasis omitted).  We further held that there are multiple rational bases for distinguishing between aliens who are inadmissible and aliens who are deportable.  Id. at 1176-78; see also Rivas v. U.S. Att'y Gen., 765 F.3d 1324, 1329-30 (11th Cir. 2014) (dealing with the availability of nunc pro tunc waivers to deportable aliens who left and reentered the United States).

Here, the IJ did not err in denying Shchupak's application for a § 212(h) waiver.  Shchupak is not eligible for relief because he is a deportable alien in the United States and did not concurrently file an application for adjustment of status.

4

See <u>Poveda</u>, 692 F.3d at 1173-74.  Further, Shchupak's reliance on <u>Yeung</u> is unavailing, because this Court has since held that the BIA's current interpretation of § 212(h) is reasonable.  See <u>Poveda</u>, 692 F.3d at 1173, 1176-78.  Moreover, <u>Poveda</u> held that the distinction between deportable and inadmissible aliens has a rational basis, and that holding has not been overruled or undermined to the point of abrogation.  See <u>United States v. Archer</u>, 531 F.3d 1347, 1352 (11th Cir. 2008) (Under the prior panel precedent rule, subsequent panels are bound by the holding of a prior panel "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").  Thus, Shchupak's argument is foreclosed by our prior precedent.

   **AFFIRMED**.

5